UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SYLVIA JAMES | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-2288 |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY and COURTNEY EATON a/k/a COURTNEY EATON ROHLFS | SECTION M (1) |

**ORDER & REASONS**

After considering plaintiff Sylvia James's motion to appoint attorney to represent defendant Courtney Eaton a/k/a Courtney Eaton Rohlfs,[1] the parties' memoranda, the record, the Magistrate Judge's Report and Recommendation,[2] defendant Progressive Specialty Insurance Company's objections to the Magistrate Judge's Report and Recommendation,[3] and the applicable law, the Court hereby finds that appointing an attorney to accept service for Rohlfs is unnecessary because James has already effected service on Rohlfs.[4]

Rule 4(e)(1) of the Federal Rules of Civil Procedure states that an individual "may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located …." The Louisiana long-arm statute provides that a non-resident defendant may be served by a plaintiff's sending to that defendant, via registered or certified mail, a certified copy of the

---

[1] R. Doc. 20.
[2] R. Doc. 29.
[3] R. Doc. 33.
[4] Thus, it is unnecessary for this Court to address the point of law that was meticulously explored in the Magistrate Judge's Report and Recommendation.

summons and complaint. La. R.S. 13:3204(A). There is no requirement that the plaintiff receive a signed return receipt. *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 2000).

James has complied with Louisiana's long-arm statute to effect service of Rohlfs. On November 19, 2018, James sent a certified copy of the summons and complaint by certified mail to Rohlfs at an address in Arcadia, California;[5] on February 19, 2019, James sent the same materials by certified mail to Rohlfs at an address in Chardon, Ohio;[6] and on July 29, 2019, James sent the summons and complaint by certified mail to Rohlfs at an address in Twinsburg, Ohio.[7] The tracking information in each instance indicated either "insufficient address" or "no authorized recipient available."[8] Yet, the addresses to which James directed the mailings, and thus attempted to serve Rohlfs pursuant to the long-arm statute, were the very addresses provided to James by Progressive in discovery in this case.[9] It is undisputed that Progressive is Rohlfs's insurer, is in contact with her, and has notified her of this suit.[10]

To satisfy the Louisiana long-arm statute, plaintiffs need only send a certified copy of the summons and complaint to a non-resident defendant by registered or certified mail; there is no requirement for a signed return receipt or actual physical service. *See, e.g., Major v. Patriot Disaster Servs. LLC*, 2017 WL 457656, at *3-4 (M.D. La. Feb. 2, 2017) (plaintiffs' certified mailing of process to address for defendant provided by defense counsel fulfilled the requirements of Louisiana's long-arm statute) (discussing and applying *McFarland*, 756 So. 2d at 620). Hence, James has satisfied the requirements of service under the long-arm statute. Moreover, because Rohlfs has actual notice of the suit and James has diligently attempted to properly effect service

---

[5] R. Doc. 11.
[6] R. Docs. 10 & 13.
[7] R. Doc. 18.
[8] *See supra* notes 5-7.
[9] R. Doc. 29 at 2.
[10] *Id.* at 3. In fact, Progressive sent Rohlfs a check representing her property damage settlement to one of the addresses provided to James and to which James directed service of process.

2

under the long-arm statute, due process is not offended by deeming James's efforts as having satisfied the statutory requisites for long-arm service. Thus, because Rohlfs has already been served with the summons and complaint in this matter, it is unnecessary to appoint an attorney to effect service on her.

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff's motion to appoint attorney (R. Doc. 20) is DENIED;

IT IS FURTHER ORDERED that James's service on Rohlfs is deemed sufficient and the Clerk's office is directed to indicate on the docket that Rohlfs has been served; and

IT IS FURTHER ORDERED that Rohlfs take immediate steps to file responsive pleadings, which must be filed on or before thirty (30) days from the date of this Order.

New Orleans, Louisiana, this 11th day of December, 2019.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE